# Court of Appeals
# of the State of Georgia

ATLANTA,  February 08, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0740.  ADRIAN ARROYO v. THE STATE.**

In connection with the trial below, Appellant retained the services of attorney Cathy Alterman, and Alterman filed a notice of appeal in the Superior Court of Gwinnett County on behalf of Appellant on July 7, 2022. In this notice of appeal, Alterman represented that "Appellant is indigent and asks that a public defender be assigned to his case." Then, on December 5, 2022, Alterman filed an amended notice of appeal "because Appellant does not, as of now have an appeal lawyer." Both notices of appeal include Alterman's signature and bar number. On December 8, 2022, Alterman filed a request to withdraw in superior court, but no order permitting withdrawal appears in the record.

This appeal was docketed in this Court on December 15, 2022 with Alterman listed as counsel of record, and Alterman has not filed a motion to withdraw as counsel in this Court. Neither Alterman nor Appellant filed a brief within 20 days of docketing as required by Court of Appeals Rule 23 (a), and, on January 5, 2023, this Court issued an order requiring the filing of a brief and enumeration of errors no later than January 17, 2023. Again, neither Alterman nor Appellant complied with the order to file.

"An indigent defendant is entitled to have counsel appointed to represent him on the first level of appellate review." *Chapman v. State*, 183 Ga. App. 376, 377 (359 SE2d 14) (1987). "[A] defendant may validly elect to represent himself during post-conviction proceedings by waiving his right to counsel either expressly or functionally." *Allen v. Dakar*, 311 Ga. 485, 497 (2) (858 SE2d 731) (2021) (citations omitted). "A non-indigent defendant may functionally waive the right to counsel by

failing to retain counsel with reasonable diligence[.]" Id. at 497-498 (2).

Because the record in the case sub judice is unclear as to whether: (1) Appellant is indigent; (2) Alterman represents Appellant; (3) new appellate counsel should be appointed/retained; or (4) Appellant wishes to represent himself on appeal, this case is hereby REMANDED to the trial court for a hearing on the aforementioned issues. Following the hearing, the Appellant may file a notice of appeal within thirty (30) days of the trial court's order on the appointment of counsel.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,*  <u>02/08/2023</u>

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*